**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | 4:01-cr-000627-CWH |
| vs. | ) | |
| Ronnell Gore a/k/a Cadillac, | ) | **ORDER** |
| Defendant | ) | |

On May 21, 2002, the defendant pled guilty to Count One of a superseding indictment which charged "having two prior convictions for felony drug offenses that became final, [the defendant] did knowingly and willfully combine, conspire, confederate and agree and have tacit understanding with various other persons, both known and unknown to the Grand Jury, unlawfully to distribute and to possess with intent to distribute 50 grams or more of cocaine base, commonly known as crack cocaine, a Schedule II controlled substance, 5 kilograms or more of cocaine, a Schedule II controlled substance, 50 kilograms or more of marijuana, a Schedule I controlled substance, and less than 100 grams of heroine, a Schedule I controlled substance, in violation of Title 21, United States Code, Section[s] 841(a)(1) [and] 846."

On December 18, 2002, the Court sentenced the defendant to 120 months in prison, followed by 5 years supervised release. On December 23, 2002, the defendant moved to reconsider his sentence. On January 7, 2003, the Court entered judgment.

This Court is divested of jurisdiction to correct sentencing errors more than seven days after sentencing. Fed. R. Crim. P. 35(a); United States v. Shanks, 395 F.3d 466, 470 (4th Cir.

2005). The Fourth Circuit Court of Appeals has held that when a district court fails to rule on a motion to correct sentencing within seven days after sentencing, the motion is effectively denied. Id. Therefore, the Court denied the defendant's motion seven days after sentencing, leaving the defendant to file an appeal, which he failed to file.

The defendant's motion is now moot.

**AND IT IS SO ORDERED**.

_____
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

June 2, 2006
Charleston, South Carolina